IN THE MATTER OF THE APPLICATION FOR A RECHECK
OF IRREGULAR BALLOTS CAST FOR THE OFFICES
OF MAYOR AND COUNCILMEN OF THE BOROUGH OF
SOUTH RIVER, MIDDLESEX COUNTY, NEW JERSEY,
IN DISTRICTS 1 TO 11, INCLUSIVE, AT THE PRIMARY
ELECTION APRIL 21, 1953.

Superior Court of New Jersey
Law Division

Decided June 17, 1953.

358

*Mr. John A. Matthews,* attorney for the plaintiffs.

*Mr. John E. Toolan,* attorney for the counterclaimants.

MORRIS, J. C. C. (temporarily assigned). A complaint having been filed by Edward R. Alexander, Benjamin S. Konopacki and Michael B. Verbitski, and a complaint having been filed by Charles A. Eberwein, Sigmund Ardenoski and Michael Knoblock, which complaints pray that the Middlesex County Election Board make a reexamination, recheck and recount of the irregular ballots cast for Democratic nominations for mayor and two members of the borough council at the primary election held on April 21, 1953 in the Borough of South River, Middlesex County, and for a recheck of same against the official tallies made by the election boards in the election districts in said borough; and the county board of elections having completed their examination, recheck and recount in accordance with the court's order, and having filed its report; and Alexander, Konopacki and Verbitski having filed a supplemental complaint asking that the votes attempted to be cast by voters by the use of rubber stamps for Eberwein, Ardenoski and Knoblock be declared illegal and that Alexander be declared the Democratic candidate for mayor, and Konopacki and Verbitski be declared the Democratic candidates for members of the borough council; the same is now before this court for determination.

There were not any petitions filed by any persons seeking the Democratic nominations for the aforesaid offices in accordance with the statute, and therefore no names appeared on the official ballot. Alexander, Konopacki and Verbitski filed petitions in accordance with the statute as independent candidates. Independent candidates do not appear on the primary ballot, but only on the official ballot on general election day. It is reasonable to assume that Eberwein, Ardenoski and Knoblock were urged to seek the Democratic nominations for the respective offices by a person or persons in control of the regular organization of the Democratic Party in the said borough. The court is aware of the provisions of the statute and the spirit of the open primary election law that no person shall be endorsed by the official municipal party organization prior to the date of the primary. In order to assist the campaign of Eberwein, Ardenoski and Knob-

lock, individual rubber stamps bearing their respective names were made and distributed throughout the borough in order to aid persons eligible to vote in the Democratic primary in casting a vote for these candidates. There was proof that these rubber stamps were available in several of the election districts in said borough.

The issues to be determined are:

1. Was the presence of rubber stamps containing the names of candidates seeking nominations in the polling places a violation of the statutes?

2. If the presence of such rubber stamps in the polling places was a violation of the statute, was such violation of a nature that would require a penalty that would set aside all the votes cast by means of a rubber stamp or invalidate the entire election for the said nominations for said borough offices?

3. Was the use by a voter of a rubber stamp containing the name of a person actively seeking the nomination of said borough office in placing the name of such person on the irregular ballot, in accordance with the provisions of the statute?

It is my opinion that the presence and availability in the polling places of rubber stamps containing the name of any persons seeking a nomination in the primary is in violation of our statutes. I am further of the opinion that the presence and availability of rubber stamps containing the names of Eberwein, Ardenoski and Knoblock, and made available to persons eligible to vote in the Democratic primary, is not such a violation that would compel the court to invalidate the entire election. The intent of the Legislature and the spirit of our election laws is to permit a legal voter to freely express himself by voting for persons of his choice, and to set aside this election, in the absence of any fraud, would in effect disfranchise the good citizens in South River who expressed the desire to take part in an open primary and select persons as party candidates to seek the respective offices at the general election.

 I determine that the provisions of *R. S.* 19:14-4 and 19:15-28 do not apply to voting in those election districts where voting machines are furnished. In order to decide what the Legislature intended by the provisions of these statutes, the statutes must be read in their entirety. In my opinion, *R. S.* 19:14-4 and 19:15-28 apply only to paper ballots and not to voting machines. In order to vote for a person whose name appears on the official ballot on the voting machine, a voter must turn down the lever or pointer located above such person's name. In order to vote for a person whose name does not appear on the voting machine, the provisions of *R. S.* 19:49-5 pertaining to irregular ballots must be observed. *R. S.* 19:49-5 reads as follows:

"Irregular ballots. Ballots voted for any person whose name does not appear on the machine as a nominated candidate for office are herein referred to as irregular ballots. Such irregular ballot shall be written or affixed in or upon the receptacle or device provided‑ on the machine for that purpose. No irregular ballot shall be voted for any person for any office whose name appears on the machine as a nominated candidate for that office; any irregular ballot so voted shall not be counted. An irregular ballot must be cast in its appropriate place on the machine, or it shall be void and not counted."

Any person familiar with the voting machines is aware of the difficulty in placing names either by writing or any other means upon the receptacle or device on the machine for that purpose. In my opinion, it would not only be very difficult, but also very impractical, to paste a sticker with the name of a candidate in this receptacle or device because if a sticker containing the name of a person was pasted on the roll of paper in the voting machine used for irregular ballots, it could very easily become loosened and detached therefrom.

██ I therefore interpret the provisions of *R. S.* 19:49-5 to permit an eligible voter to write in his own handwriting or affix the name of any person by any legal means in or upon the receptacle or device provided on the machine for that purpose. I therefore determine that the affixing of

names of persons in or upon the receptacle or device provided upon the machine for that purpose, by the use of rubber stamps bearing names of persons, is a legal means of voting for said persons.

■ I determine that in order for a voter to cast a vote for persons on an irregular ballot on a voting machine by either writing in or affixing the name of a person by any legal means, it is not necessary for the voter to make a cross ✕, plus +, or check √, at the left or right of said name.

Therefore the number of votes received by Eberwein, Ardenoski and Knoblock by the use by the voters of rubber stamps should be added to the votes received by said candidates by the voters writing in their names on the irregular ballots. I am aware that Alexander, Konopacki and Verbitski did not receive any votes by the use by the voters of a rubber stamp containing their names. The report of the county board of elections setting forth the votes received by the candidates in the respective election districts with a breakdown of "write in" votes and votes received by the use of rubber stamps is affirmed. This report set forth the total vote as follows:

| | Total without rubber stamps | Total rubber stamps alone | Total inc. Rubber Stamps etc. | Total District Board Returns |
|---|---|---|---|---|
| *FOR MAYOR* | | | | |
| EBERWEIN | 91 | 245 | 336 | 357 |
| ALEXANDER | 227 | 0 | 227 | 243 |
| | | | | |
| *FOR COUNCILMEN* | | | | |
| ARDENOSKI | 92 | 255 | 347 | 356 |
| KNOBLOCK | 71 | 257 | 328 | 338 |
| KONOPACKI | 223 | 0 | 223 | 234 |
| VERBITSKI | 196 | 0 | 196 | 208 |